# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BRENNAN LOVE BALL,
    Plaintiff,

vs

BARACK HUSSEIN OBAMA, et al.,
    Defendants.

Case No. 1:13-cv-204

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff, a resident of Cincinnati, Ohio, brings this *pro se* civil action against President Barack Hussein Obama and Michelle Obama. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint contains the following allegations:

i. The defendant is my biological father[.] [H]e has made promises totaling more than 400,000 that his career would not effect [sic] or damage my life.

ii. The defendant has neglected to establish protection with USSS so that I, an immediate family member will not be harmed.

iii. The defendant agreed he would provide financial relief for and while attending college.

iv. I have been threatened by people at polling places at his demand.

v. The defendant promised 1 million dollars after his first term in office.

vi. The defendant made promises that as long as I did seek media attention I would be compensated with 1 million dollars.

vii. The defendant and his wife promised to keep my name, personal comments, and whereabouts private. They both have cost me an estimated $100,000 because they slander my name & reputation.

vii. The defendant promised if I attended & graduated from U.C. I could have a million dollars to not be overshadowed by his publicity.

viii. He, the defendant uses millitary [sic] style operations to stop due process in

3

my local court system.

x. The defendant never paid promises during his first term.

(Doc. 1, Complaint, p. 3). Plaintiff makes the following requests for relief:

xi. Return of two pictures valued [at] $250,000, one picture of the primary defendant and I sitting on the couch when I was 1 years of age. The second picture of the primary defendant and I sitting in a wicker chair at age two.

xii. The return of USSS protection valued at 2 million dollars.

(*Id.*, p. 4).

Plaintiff's allegations against the President and Michelle Obama, most of which are duplicative of allegations that plaintiff has already made against President Obama in a complaint currently pending before this Court, do not state a claim with an arguable basis in fact or law. In the prior complaint brought against President Obama and another Ohio citizen, Brenda Denise Ball, plaintiff has similarly claimed that Obama is his biological father "with unpaid obligations" to provide for his educational and living expenses and that Obama is also liable for threats made to plaintiff by "pollworkers" when plaintiff voted "against the 2008 Democratic Presidential Party on November 4th, 2008." *See Brennan Love Ball v. Barack Hussein Obama, et al.*, No. 1:13-cv-127 (S.D. Ohio) (Weber, J.; Bowman, M.J.) (*See* Doc. 1, pp. 3-4). On March 21, 2013, Magistrate Judge Stephanie K. Bowman issued a Report and Recommendation to dismiss the complaint at the screening stage. *Id.* (Doc. 8). Magistrate Judge Bowman reasoned that (1) diversity jurisdiction is lacking given that both plaintiff and defendant Brenda Denise Ball are Ohio citizens; (2) "plaintiff's factual allegations regarding defendant President Obama rise to the level of the delusional, irrational and 'wholly incredible;'" and (3) "to the extent that plaintiff is seeking a determination of paternity and/or support such issues are matters to be handled in the

4

state court." *See id.* (Doc. 8, pp. 4-5).

The instant complaint differs from the prior complaint to the extent that plaintiff has not named a defendant who poses a hurdle to diversity jurisdiction. Plaintiff has also included additional allegations about other promises of financial compensation allegedly made to plaintiff by Obama, as well as a new claim against the Obamas for slandering his reputation by breaking their promise "to keep [his] name, personal comments, and whereabouts private." (*See* Doc. 1, Complaint, p. 3). Despite these differences, however, the undersigned agrees with Magistrate Judge Bowman's conclusion that the complaint is subject to dismissal as "frivolous" at the screening stage because plaintiff's factual allegations regarding the Obamas are delusional, rising to the level of the irrational or "wholly incredible." *See Hill,* 630 F.3d at 471 (quoting *Neitzke,* 490 U.S. at 328); *see also Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. Furthermore, as Magistrate Judge Bowman similarly concluded, to the extent that plaintiff is seeking a determination of paternity for the purpose of obtaining financial support from the defendants, this federal Court lacks jurisdiction over the domestic relations matter. *See, e.g., Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (relying on a statement made in *In re Burrus,* 136 U.S. 586, 593-94 (1890), as well as its holding in *Barber v. Barber,* 62 U.S. 582, 584 (1858), the Supreme Court reaffirmed that the "domestic relations exception" to federal jurisdiction, which is derived from the principle that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States," divests the federal courts of diversity jurisdiction over such matters); *see also Chambers v. Michigan,* 473 F. App'x 477, 478-79 (6th Cir. 2012).

Finally, to the extent that most of the plaintiff's allegations against the defendants are

reiterations of allegations contained in an earlier-filed complaint currently pending before this Court, the instant complaint should be dismissed because it is duplicative of the prior complaint. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.*, No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *Cf. id.*

Accordingly, in sum, because plaintiff has not alleged a claim with a rational or arguable basis in fact or law and most of plaintiff's allegations are duplicative of claims raised in a prior complaint against President Obama, the complaint should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/8/13

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| BRENNAN LOVE BALL,<br>    Plaintiff, | Case No. 1:13-cv-204 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| BARACK HUSSEIN OBAMA, et al.,<br>    Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc