UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENNAN LOVE BALL,                                   CASE NO.: 1:13-cv-204

    Plaintiff,                                                  Barrett, J.
                                                                 Litkovitz, M.J.
  v.

BARACK HUSSEIN OBAMA, et al.,

    Defendants.


## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 4), Plaintiff's first Objection (Doc. 5), Plaintiff's second Objection (Doc. 8), Plaintiff's Objection/Motion for Recusal (Doc. 9), and Plaintiff's Motion for Extension of Time (Doc. 7).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1).

In the Report and Recommendation, the Magistrate Judge recommends the dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted. (Doc. 4). The Magistrate Judge reasons that the Complaint is subject to dismissal as frivolous because Plaintiff's "factual allegations regarding the Obamas are delusional, rising to the level of the irrational or 'wholly incredible.'" (Doc. 4, p. 5) (citing

1

*Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)) (quoting *Neizke v. Williams*, 490 U.S. 319, 328 (1989)). She further reasons that to the extent Plaintiff is seeking a paternity test, this Court lacks jurisdiction over the domestic relations matter. (Doc. 4, p. 5) (citing relevant cases). Finally, the Magistrate Judge recommends dismissal of the Complaint as duplicative of an earlier-filed complaint in this Court. (Doc. 4, p. 6).

In his first Objections (Doc. 5), Plaintiff appears to make three arguments. As to the Magistrate Judge's frivolousness conclusion, he contends that his requested relief is "plausible, realistic, valid and 'un-couchable'" and states that "In two Presidential Inaugurations', a sworn statement, two separate promises are audible" and his "intent is to collect on the promise." (Doc. 5, p. 1). As to the Magistrate Judge's recommendation on the domestic relations issue, he contends he is not seeking a paternity test. (*Id.*) Finally, with respect to the Magistrate Judge's recommendation of dismissal because the case is duplicative, Plaintiff states that he was "unaware of attempting to combine the two cases." (*Id.*)

In his second Objections (Doc. 8), Plaintiff contends that his Complaint should not be dismissed as frivolous because he will be able to support his claims with audio hearings of Dr. Condeleezza Rice because she "mentioned a United States First Son, nearly twice[] [i]n what I still know as her last on air broadcast." (Doc. 8).

In his third Objections (Doc. 9), Plaintiff challenges the Magistrate Judge's recommendation for dismissal of his claims as frivolous and duplicative. He contends that the reasons for the recommended dismissal are that he asserted claims against the President and that the Judges on his cases have jointly pre-determined their positions on the matter. Addressing the latter argument, he states:

2

> Because your district has accepted some strange act of civic pride to follow the defendant in some "ra-ra", Department of Defense supported, tirade[,] I ask for removal of both MJ Litkovitz and MJ Barrett from my civil cases. I already spoke with both of them at my home in in Cincinnati, Ohio prior to both Presidential Elections. I and the Magistrates expressed some of their other beliefs also as to why I cannot go forth with my civil cases that were more personal.

(Doc. 9, p. 2).

Having reviewed the Report and Recommendation *de novo* in light of Plaintiff's objections, the Court adopts the Magistrate Judge's recommendation that the case be dismissed for failure to state a claim upon which relief can be granted. Although Plaintiff's concession that he is not seeking a paternity test renders the recommendation for dismissal on that basis moot, his claims still must be dismissed for the two other reasons set forth in the Report and Recommendation. First, the Magistrate Judge correctly concluded that the "factual allegations regarding the Obamas are delusional, rising to the level of the irrational or 'wholly incredible'" and thus do not state a claim for relief. *See Hill*, 630 F.3d at 471 (quoting *Neizke*, 490 U.S. at 328). Plaintiff's objections support, rather than undermine, that conclusion. Second, even if Plaintiff did not intend to file duplicative cases, the fact remains that he previously filed a similar lawsuit in this Court, *see Brennan Love Ball v. Barack Hussein Obama, et al.*, No. 1:13-cv-127 (S.D. Ohio) (Weber, J.; Bowman, M.J.), and to the extent the allegations in this case are duplicative of that earlier-filed case, the considerations of judicial administration warrant dismissal. Plaintiff's allegations as to the judges' pre-determined position on his frivolous claims do not preclude dismissal of this matter. None of his allegations can be construed to reasonably question the impartiality of the assigned judges or to present a conflict of interest, which is required for recusal to be appropriate. *See* 28 U.S.C. § 455. As such, the recusal of the assigned judges is not warranted in this matter.

As to Plaintiff's motion for extension of time to file his objections, it is not well-taken in light of the foregoing.  Under Federal Rule of Civil Procedure 6, an extension of time may granted "for good cause."  Here, Plaintiff already has filed three separate objections to the Report and Recommendation, none of which have made his claim viable.  The Court concludes that allowing Plaintiff additional time to file a fourth objection would serve no purpose other than delay.  As such, good cause for the extension has not been shown and an extension of time to file additional objections is denied.

Accordingly, it is ORDERED that (a) Plaintiff's Motion for Extension of Time (Doc. 7) is **DENIED**; (b) Plaintiff's first Objection (Doc. 5), second Objection (Doc. 8) and third Objection/Motion for Recusal (Doc. 9) are **OVERRULED**; (c) the Magistrate Judge's Report and Recommendation (Doc. 4) is **ADOPTED**; and (d) Plaintiff's Complaint (Doc. 3) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*.  However, Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part*, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: <u>May 16, 2013</u>                                                                  s/ Michael R. Barrett
                                                                                                            Michael R. Barrett, Judge
                                                                                                            United States District Court

4